[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#122)
The plaintiff in this case had two accounts at the defendant bank. Another customer of the bank had the same name as the plaintiff On September 5, 2000 a bank execution was served against that other customer and the defendant mistakenly executed on the two accounts held by the plaintiff.
The plaintiff learned of this mistake on September 7, 2000 when she went to the bank to determine if a certain insurance check had cleared. After investigation the bank released the execution on September 8, 2000. No checks written by the plaintiff were dishonored as a result of the defendant's mistake, she received no unfavorable credit report, and she incurred no out-of-pocket fees or charges for which she was not reimbursed.
The plaintiff has alleged that she suffered emotional distress which was evidenced by sleeplessness, anxiety, depression, confusion, nervousness and heart palpitations.
The plaintiffs complaint is in four counts. The first count alleges the negligent infliction of emotional distress. The second count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The third count alleges a breach of contract and the fourth count sounds in negligence. CT Page 4476
The defendant has moved for summary judgment as to each count and the plaintiff has filed objections thereto. In support of its motion, the defendant has attached a copy of the execution, the deposition of the plaintiff, the affidavit of Kathleen Gormley, head of the garnishment unit at the bank, plaintiffs answers to interrogatories and requests for production, a copy of a letter dated October 16, 2000 to the defendant from plaintiffs counsel and a copy of the agreement between the plaintiff and the defendant. The plaintiff has filed a copy of her attorney's affidavit along with certain items of correspondence.
A review of the plaintiffs deposition reveals that her claim is for emotional distress causing the symptoms which she alleges in her complaint.
 NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
The defendant argues that as a matter of law, the conduct of the defendant cannot satisfy the requirement for a claim of negligent infliction of emotional distress. In order to prove such a claim the plaintiff must allege and prove that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress, which emotional distress, if caused might result in illness or bodily harm. Recovery for unintentionally caused emotional distress does not depend on proof of an ensuing physical injury. Montinieri v. SouthernNew England Telephone Co., 175 Conn. 337, 345 (1978).
Whether the defendant's conduct comes within the above framework, however, is necessarily a question of fact which cannot be resolved on summary judgment. The cases cited by the defendant do not compel a contrary conclusion. Montinieri involved a verdict for the defendant in which the Supreme Court held that the trial court's instructions on negligent infliction of emotional distress were proper. The majority of the trial court opinions upon which the defendant relies involve situations where a motion to strike was granted for the reason that the plaintiff did not plead all of the elements necessary to allege a cause of action for negligent infliction of emotional distress.
The motion for summary judgment is denied as to the first count.
 CUTPA
The defendant attacks the second count alleging a CUTPA violation on two grounds. First, the defendant argues that the alleged conduct does not rise to the level of the type of conduct required for a violation of CUTPA. Second, the defendant claims that emotional distress is not an "ascertainable loss" so as to satisfy the requirements of a CUTPA claim. CT Page 4477 The court argrees with the defendant on both points.
The criteria for a CUTPA violation are: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or, otherwise — whether, in other words, it is within at least the penumbra of some common law, statute or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers.Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591 (1995).
The facts as set forth in the documents submitted in support of this motion support a claim of simple negligence on the part of the bank, not involving the egregious conduct which CUTPA was designed to address. SeeNormand Josef Enterprises, Inc. v. Connecticut National Bank, 230 Conn. 486
(1994).
This court also agrees with those trial court opinions which support the defendant's second claim, that is, that emotional distress is not an "ascertainable loss" under CUTPA.
The motion for summary judgment is granted as to the second count.
 BREACH OF CONTRACT
As to the third count the defendant claims that there is no provision in the contract between the parties imposing upon the defendant a duty to see that "any legal proceedings were correct" as alleged by the plaintiff. The defendant also argues that claims for emotional distress are not compensable in a breach of contract action.
As to the defendant's first claim, that argument has been dealt with byJ. Licari in his decision on the defendant's motion to strike. In his memorandum of decision Judge Licari holds that the contract between the parties does contain language which arguably creates in the defendant a duty to use due care in handling the plaintiffs funds, which duty was breached.
However, as pointed out by Judge Corradino in Dowling v. First FederalBank, Superior Court, docket no. 940533172 S (June 30, 1995, Corradino,J.), emotional or mental distress, absent physical injury is not compensable in a breach of contract action.
The motion for summary judgment as to the third count is granted.
 NEGLIGENCE
CT Page 4478
As to the fourth count, the plaintiff alleges negligence. The deposition of the defendant indicates that her claims are for emotional distress. Since she has not pleaded that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and such distress, if caused might result in illness or bodily harm this count is fatally defective. See Bennett v. Lindsay, Superior Court, docket no. 389401 (July 6, 1999, Levine, J.).
The motion for summary judgment is granted as to the fourth count.
In summary, the defendant's motion for summary judgment is denied as to count one and granted as to counts two, three, and four.
By the Court,
 ___________________ Bruce W. Thompson, Judge